ZYDECO'S II, LLC, ZYDECO'S CORP,
DUSTIN GAINEY AND ROSEMARIE
GAINEY

VERSUS

CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON SUBSCRIBING TO
CERTIFICATE/POLICY NO.
D1180D150152-59633, DAVID BRENNAN,
DAVE BRENNAN INSURANCE INC., AND
BRAISHFIELD ASSOCIATES, INC.

NO. 19-CA-562

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

October 28, 2021

Nancy F. Vega

Chief Deputy Clerk

## ON APPLICATION FOR REHEARING

Panel composed of Susan M. Chehardy,
Marc E. Johnson, and Stephen J. Windhorst

## DENIED WITH REASONS

**SJW**
**SMC**

## CONCURS WITH REASONS

**MEJ**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Nancy J. Vega
Chief Deputy, Clerk of Court

**WINDHORST, J.**

For the reasons that follow, we deny appellant/defendant, Certain Underwriters at Lloyd's, London ("Underwriters"), and appellees/plaintiffs, Zydeco's II, LLC and Zydeco's Corp ("Zydeco plaintiffs"), applications for rehearing.

On June 10, 2021, Underwriters filed an application for rehearing arguing that 1) this court erred in rejecting Underwriters' coverage defense based on the P-2 Endorsement; and 2) Underwriters did not act in bad faith in denying coverage based on the P-2 Endorsement.

On June 11, 2021, the Zydeco plaintiffs filed an application for a partial rehearing and motion to vacate in part this court's opinion concerning the only non-unanimous issue in the opinion. Specifically, the Zydeco plaintiffs contend that when this court modified the trial court's judgment regarding loss of income and correspondingly the bad faith damages with one judge dissenting, it was required under La. Const. Art. 5, §8 B to have the case reargued before a panel of at least five judges prior to rendition of judgment on only the non-unanimous issue.[1] They argue that this court should vacate the portion of its judgment modifying the trial court's judgment of loss of income and the corresponding bad faith damages and grant this limited application for rehearing solely on the issue regarding the reduction of loss of income and the accompanying reduction of the bad faith damages.

In response to the Zydeco plaintiffs' application for rehearing, Underwriters filed an opposition arguing that under the plain language of La. Const. Art. 5, §8 B,

---

[1] The Zydeco plaintiffs contend that this court unanimously agreed on all issues and findings ***except***:

> However, on one point alone this Honorable Court was split in its decision. Two judges of the three-judge panel rendered judgment in this matter *modifying the district court's loss of business damages award from $4,900,000.00 to $2,900,000.00 thereby also modifying the corresponding statutory penalties on those damages. The third panel judge dissented on this limited issue.* (Emphasis added.)

the entire case must be reargued before a panel of five judges, not just the non-unanimous decision concerning modification of the loss of income and corresponding bad faith damages. Therefore, Underwriters contends that the Constitution requires that a five-judge panel must rehear all issues raised by both sides.

The Zydeco plaintiffs filed a reply arguing that the Constitution does not require the entire case to be reheard and that rehearings are routinely granted on limited bases. They contend that this court unanimously rendered judgment in accordance with the constitutional mandate on all issues except the majority's reduction of the loss of income and associated bad faith damages; thus, a limited rehearing is warranted to correct one constitutional error.

**DISCUSSION and ANALYSIS**

A review of this court opinion shows that the Zydeco plaintiffs' restaurant was completely destroyed by fire on May 30, 2016. Prior to the fire, Underwriters issued a commercial property insurance policy insuring the restaurant with the Zydeco plaintiffs as the named insureds. The policy contained a limit of $900,000.00 for the building, and $100,000.00 for business personal property. The policy also contained a "Protective Safeguards – Fire P2" (the "P2 endorsement") which included the requirement of a centrally monitored fire alarm. After the fire, the Zydeco plaintiffs submitted a claim to Underwriters. While reviewing the claim, Underwriters learned that the premises did not have a centrally monitored fire alarm as required in the P2 endorsement. Instead of investigating the claim or denying the claim, on August 26, 2016, Underwriters rescinded the policy and returned to the Zydeco plaintiffs all premiums paid on the policy for the past six years.

In the petition for damages, plaintiffs contended that Underwriters' failure to pay the claim and rescission of the policy violated La. R.S. 22:1892 and La. R.S. 22:1973, and that Underwriters was liable for penalties and attorney's fees.

Plaintiffs also contended that Underwriters breached the duty of good faith and fair dealing pursuant to La. R.S. 22:1973 A and C.

On appeal, this court affirmed the trial court's findings that (1) Underwriters improperly rescinded the insurance policy; (2) Underwriters violated its duties of good faith and fair dealing in the investigation and adjustment of the May 30, 2016 fire loss in violation of La. R.S. 22:1973; (3) Underwriters failed to pay the Zydeco plaintiffs' claim within 30 days of receiving satisfactory proof of loss in violation of La. R.S. 22:1892; and (4) as a result of Underwriters' improper rescission and violations of La. R.S. 22:1973 and La. R.S. 22:1892, the Zydeco plaintiffs sustained damages and are entitled to statutory penalties. We further affirmed the trial court's findings that (1) comparative fault is not applicable to Brennan and the Zydeco plaintiffs; and (2) La. R.S. 22:1973 and La. R.S. 22:1892 are applicable in this case. Given our findings, we *amended* the judgment and awarded the following damages to the Zydeco plaintiffs: (1) $900,000.00 for loss of the building and $100,000.00 for business personal property; (2) *$2,900,000.00 for lost income*; and (3) *$5,800,000.00 for bad faith damages*.

We vacated that portion of the trial court's judgment awarding attorney's fees in the amount of $7,388,474.23, and remanded the matter to the trial court for further proceedings consistent with our opinion. We further reversed in part that portion of the judgment awarding legal interest on penalties and attorney's fees from the date of judicial demand until paid, and rendered judgment awarding legal interest as to the award of penalties from the date of judgment. The judgment was *affirmed as amended* and affirmed in all other respects.

One panel member *dissented in part* stating that he "agree[d] with the majority's opinion with the exception of the finding that the trial court committed manifest error in awarding $4,900,000 for lost income, resulting in an *amended award by this Court*." [Emphasis added.] He found there was a reasonable factual

basis for the award and that the record did not support a finding that the trial court was clearly wrong, or manifestly erroneous in awarding $4,900,000. Thus, he dissented "only from the part of the majority opinion that substitute[d] this court's factual findings for those of the trial court in amending the damages award for loss of income."

The dissent concerns only the majority's opinion in amending the loss of income to correct the trial court's misinterpretation of the testimony and reducing the amount awarded from $4,900,000 to $2,900,000. The dissent did not mention or address the majority's opinion that *amended* the corresponding bad faith damages. In amending the award of bad faith damages, this court found that the trial court erred by including damages awarded under the insurance contract (awards for loss of the building and debris removal) in the calculation of penalties. We found that the Zydeco plaintiffs were awarded lost income damages for the loss of their business as a result of Underwriters' breach of its duties under La. R.S. 22:1973 A and C in the amount of $2,900,000, as amended. Finding that the penalties provided by La. R.S. 22:1973 C may not exceed twice the damages sustained due to the insurer's breach, we reduced the penalty awarded by the trial court from $12,314,123.72 to $5,800,000.00 ($2,900,000.00 x 2), which is twice the damages which resulted from Underwriters' bad faith. Consequently, we *amended* the judgment and awarded the Zydeco plaintiffs $5,800,000.00 for bad faith damages.

With regard to the limited issue raised in the dissent, *i.e.*, amending the amount awarded for loss of income to $2,900,000, the decree stated that "we amend the judgment," and also "amended and affirmed as amended" the award for loss of income. The concluding boldface pronouncement read as follows:

> AFFIRMED IN PART; **AMENDED IN PART AND AFFIRMED AS AMENDED;** REVERSED IN PART; AND VACATED IN PART

An appeal is the exercise of the right of a party to have a judgment of a trial court *revised*, *modified*, *set aside*, or *reversed* by an appellate court. (Emphasis added.) La. C.C.P. art. 2082.

La. Const. Art. 5, §8 provides in pertinent part:

> (B) Judgments. A majority of the judges sitting in a case shall concur to render judgment. However, *in civil matters* only, *when a judgment of a district court* or an administrative agency determination in a workers' compensation claim *is to be modified or reversed and one judge dissents, the case shall be reargued before a panel of at least five judges prior to rendition of judgment, and a majority shall concur to render judgment*. (Emphasis added.)

U.R.C.A., Rule 1-5, which mirrors La. Const. Art. 5, §8 B, provides in part:

> In civil cases, when a judgment or ruling of a trial court is to be modified or reversed and one judge dissents, the case shall be reargued or resubmitted before a panel of at least 5 Judges if required by the constitution or by the local rules of the particular appellate court.

In <u>Veal v. Dwyer</u>, 504 So.2d 884, (La. App. 5 Cir. 1987), this court held that a decision to amend a judgment is neither a modification nor a reversal of the lower court and is thus, not subject to the rule requiring that the case be reargued before a panel of at least five judges when a judgment of a trial court in a civil appeal is to be modified or reversed and one judge dissents.

In <u>Veal</u> this court held:

> We note La. C.C.P. art. 2082 grants the "right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court." In its wisdom, the legislature apparently found some difference between a "revision" and a "modification." The term "amended" is not included in this list of possible dispositions, and neither is "affirmed" nor "remanded" [See La. C.C.P. art. 2082 Comment (d); La. C.C.P. art. 2164, Comment (d)]. If the enumerated dispositions in art. 2082 are not meant to be exclusive, it suggests that "amended," although certainly akin to the terms "revised" and "modified," is nonetheless a separate disposition. Accordingly, to "amend" a judgment would not make the appeal subject to Rule 1-5 and La. Const. art. V, §8(B) because technically we have neither "modified" nor "reversed" the lower court judgment.

This semantic exercise aside, an inquiry into the choice of language in La. Const. art. V, §8(B) leads to Vol. VI, p. 756 of the transcripts from the Constitutional Convention. Therein, Delegate Chris J. Roy explained § 8(B) upon its presentation to the delegates. In the debate over the article on the floor of the Convention, only "reversal" is discussed in considering the effect of the article.

In light of the jurisprudence and the delegates' discussion, we find that the term "modified" contemplates a change in the judgment which would constitute a reversal. In other words, a "modification" is a change which is tantamount to reversal as a practical matter.

Bearing in mind our state constitution, our court rules, our statutory law, and our jurisprudential guidelines, we find the changes of the trial court's judgment in our decree constitute a correction of the trial court's misinterpretation of the medical testimony, thereby defining a specific revision. Additionally, this Circuit, as a matter of policy, has decided that the majority of each panel determines the state of any "change" in the trial court's judgment in accordance with its vested authority. (Original footnotes omitted.)

APPLICATION FOR REHEARING DENIED.

The Louisiana First Circuit in Hurst v. Eaton, 588 So.2d 1130, 1138, n.3 (La. App. 1 Cir. 1991) amended the trial court's award of damages finding manifest error, and agreed with the Veal interpretation of La. Const. Art. V, §8(B), U.R.C.A., Rule 1-5, and La. C.C.P. art. 2082 as held by this court in Veal, *supra*. In an extensive footnote (n.3), the First Circuit stated:

Although one of our panel members would agree to amend and affirm the judgment, but disagrees with the amount of the proposed amendment, we find it unnecessary to resubmit this matter to a five-judge panel under La. Const. art. V, § 8(B). Our research discloses no prior published cases in this circuit in which a three-member panel was divided on the question of amending a judgment. However, our brethren in the other circuit courts of appeal have considered the issue in similar situations, and their discussions have been helpful. We find, after considering the opposing positions of the Second Circuit (see, for example, Sanders v. State Farm Mutual Automobile Insurance Co., 516 So.2d 1162 (La. App. 2nd Cir.1987) and the other circuits, that we agree with the interpretation of La. Const. art. V, § 8(B), LSA-C.C.P. art. 2082, and Rule 1-5, Uniform Rules, Courts of Appeal, expressed by our brethren in the Fifth Circuit in Veal v. Dwyer, 504 So.2d 884 (La. App. 5th Cir.1987) on application for rehearing.

> See also <u>State Department of Highways v. Mims</u>, 336 So.2d 24 (La. App. 3d Cir.) on application for rehearing, <u>writ denied</u>, 339 So.2d 16 (La.1976); and <u>Williams v. City of New Orleans</u>, 433 So.2d 1129 (La. App. 4th Cir.) on application for rehearing, <u>writ not considered</u>, 437 So.2d 1135 (La. 1983).

Thus, the Louisiana First Circuit also found that the Louisiana Constitution and the U.R.C.A. do not require a five-judge panel where the trial court judgment is amended and affirmed as amended.

As stated in <u>Veal</u>, we find this court's opinion amending the trial court's judgment "constitute[s] a correction of the trial court's misinterpretation" of the expert's testimony, thus "defining a specific revision." Further, while one panel member dissented in part to the judgment only as to the amended award for lost income, he did not dissent to the amended award for bad faith damages, which subsequently used the amended lost income award to correctly calculate the bad faith damages. We find this court's amended opinion is not subject to La. Const. Art. 5, §8 B and U.R.C.A., Rule 1-5 requiring that the case be reargued before a panel of at least five judges when a judgment of a trial court in a civil appeal is modified or reversed and one judge dissents.

**DECREE**

For the reasons stated herein, we deny the applications for rehearing.

ZYDECO'S II, LLC, ZYDECO'S CORP, DUSTIN GAINEY AND ROSEMARIE GAINEY

VERSUS

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO CERTIFICATE/POLICY NO. D1180D150152-59633, DAVID BRENNAN, DAVE BRENNAN INSURANCE INC., AND BRAISHFIELD ASSOCIATES, INC.

NO. 19-CA-562

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

**JOHNSON, J., CONCURS WITH REASONS**

I agree to deny the applications for rehearing but write separately to clarify the decision not to specifically dissent from the bad faith damages award of $5.8 million, as modified by the majority. I remain convinced that the trial court's determination of the lost income award should not have been disturbed on appeal, but otherwise believe that the award for bad faith damages was calculated correctly.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT
101 DERBIGNY STREET (70053)
POST OFFICE BOX 489
GRETNA, LOUISIANA 70054
www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **10/28/2021** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**19-CA-562**

### E-NOTIFIED

29th Judicial District Court (Clerk)
Honorable Connie M. Aucoin (District Judge)
Graham J. Rees (Appellee)          Joel T. Chaisson, II (Appellee)          Richard D. Roniger, II (Appellee)
Robert P. Charbonnet, Jr. (Appellee)   Alexandra G. Roselli (Appellant)
Martin A. Stern (Appellant)        Raymond P. Ward (Appellant)
Mark C. Landry (Appellee)

### MAILED

Honorable Emile R. St. Pierre (District Judge)
Division "C"
29th Judicial District Court
P. O. Box 424
Hahnville, LA 70057

Henry S. Provosty (Appellant)
Zachary P. Fickes (Appellant)
Attorneys at Law
650 Poydras Street
Suite 2700
New Orleans, LA 70130

James S. Rees, IV (Appellee)
Attorney at Law
3750 South Claiborne Avenue
New Orleans, LA 70125

Stacy N. Kennedy (Appellee)
Attorney at Law
Post Office Box 52124
Lafayette, LA 70505

Peter M. Donovan (Appellee)
Attorney at Law
4640 Rye Street
Suite 100
Metairie, LA 70006